Argued and submitted November 29, 2012, affirmed January 16, 2013

Kenneth A. THOMAS,
*Petitioner-Appellant*,

v.

DEPARTMENT OF LAND CONSERVATION
AND DEVELOPMENT
and Land Conservation Development
Commission,
*Respondents-Respondents*.

Wasco County Circuit Court
1000245CC, 1000209CC;
A148299 (Control), A148301

296 P3d 561

Michael J. Lilly argued the cause and filed the briefs for appellant.

Denise G. Fjordbeck, Attorney in Charge, Civil Appeals, argued the cause for respondents. On the brief were John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General,

and Stephanie L. Striffler, Senior Assistant Attorney General.

Before Armstrong, Presiding Judge, and Duncan, Judge, and Brewer, Judge pro tempore.

BREWER, J. pro tempore.

### BREWER, J., pro tempore

These consolidated appeals arise from circuit court judgments affirming two orders in other than contested cases that were issued by the Department of Land Conservation and Development (DLCD) pursuant to ORS 195.305 to 195.318 (Measure 49). We affirm.

We begin by describing the legal framework that provides the necessary context for understanding DLCD's orders and the parties' contentions in these cases. In 2004, Ballot Measure 37 was enacted through the initiative process. As the Supreme Court explained in *Friends of Yamhill County v. Board of Commissioners*, 351 Or 219, 224-25, 264 P3d 1265 (2011),

> "[t]hat measure provided landowners with 'just compensation' for land use regulations, enacted after they had acquired their property, that restricted the use of the property and, as a result, diminished its value. *See State ex rel English v. Multnomah County*, 348 Or 417, 420-22, 238 P3d 980 (2010) (describing Measure 37). When faced with a claim for 'just compensation' under Measure 37, a government could choose: (1) to pay the landowner compensation for the diminished value of the property and enforce the regulation or (2) to waive the regulation and permit the owner to use the property for a use permitted at the time the owner acquired the property.

> "Measure 37 * * * was not without controversy. Some believed that the measure went farther than many voters had intended in that it not only permitted landowners to build a small number of additional homes on their property, unrelated to the resource use of the land, but it also authorized the large-scale development of formerly protected lands. *See* Official Voters' Pamphlet, Special Election, Nov 6, 2007, 20 (Legislative Argument in Support of Measure 49). In response to those concerns, the 2007 Legislative Assembly considered several draft bills intended to reform Measure 37. After several public hearings, those draft bills were consolidated into a single bill, House Bill 3540 (2007). *See* Tape Recording, Joint Special Committee on Land Use Fairness, HB 3540, Apr 26, 2007, Tape 50, Side A (statement of Sen Greg Macpherson). The legislature did not enact HB 3540 directly; instead, it referred the proposed legislation to the voters on June 15, 2007, as Ballot

Measure 49. *See* Or Laws 2007, ch 750, § 2 (referring HB 3540 to the voters). In a special election held on November 6, 2007, the voters approved Measure 49 and, on December 6, 2007, the measure became effective.

"Among other things, Measure 49 retroactively extinguished previously issued Measure 37 waivers of land use regulations. *See Corey v. DLCD*, 344 Or 457, 466-67, 184 P3d 1109 (2008) ('Measure 49 by its terms deprives Measure 37 waivers—and *all* orders disposing of Measure 37 claims—of any continuing viability'; emphasis in original). As a result, landowners who had begun developing their property under authorization granted by Measure 37 waivers could no longer automatically continue to do so. Instead, those landowners had to choose one of three alternative 'pathways' moving forward: an 'express pathway,' a 'conditional pathway,' and 'a third pathway for claimants that have vested rights to carry out claims that have already been approved.' Tape Recording, Joint Special Committee on Land Use Fairness, SB 1019, Apr 19, 2007, Tape 43, Side A (statement of Richard Whitman, Oregon Department of Justice, summarizing the proposed 'framework' for amending Measure 37); *see* Or Laws 2007, ch 424, § 5 (setting out those three alternatives).

"The express pathway entitles a landowner to obtain development approval for up to three additional homes on his or her property. *See* Or Laws 2007, ch 424, § 5(1) (identifying express pathway). Under the conditional pathway, a landowner can obtain approval for four to 10 homes if, among other conditions, the land use regulations prohibiting the construction of those homes resulted in a specified reduction of the fair market value of the property. *See id.* §§ 7 and 9 (setting out conditional pathway and describing conditions). Finally, the vested rights pathway permits a landowner who had obtained a Measure 37 waiver to 'complete and continue the use described in the waiver,' provided that the landowner could also demonstrate a 'common law vested right' to complete that use. *Id.* § 5(3)."

(Some citations and internal quotation marks omitted.)

As described by the Supreme Court, these cases concern the "express pathway," which is set out in section 6 of Measure 49. Pursuant to section 6(1), if a claimant establishes certain qualifying prerequisites, the claimant is "eligible for three home site approvals on the property"

described in a Measure 37 claim. At issue in these cases is whether the department correctly determined which parcels composed the relevant "property" for the purpose of determining the number of home site authorizations available under Measure 49.

In Case Number 1000209CC, petitioner submitted election forms seeking supplemental review under Measure 49 of his Measure 37 claims, in which he asked DLCD to authorize development of three building sites on each of two lots for a total of six building sites. In that case, DLCD considered all four of the parcels in petitioner's Measure 37 claim as "property" forming a contiguous whole, because there was no property owned by another person that separated those parcels. The DLCD issued a final order granting petitioner authority to develop three home sites on the four lots under Section 6 of Measure 49.

In Case Number 1000245CC, petitioner submitted election forms pursuant to Measure 49 in which he sought approval to develop a total of six dwellings on three lots. In that case, DLCD also considered parcels that petitioner owned as "property" forming a contiguous whole, including parcels that were not part of his underlying Measure 37 claim and which he did not describe in his request for supplemental review under Measure 49. In that case, DLCD issued a final order granting petitioner authority to develop two additional dwellings.

Petitioner sought review of each order in circuit court pursuant to ORS 195.318. The cases were consolidated for argument in that court. The court issued an opinion and judgments affirming DLCD's orders. Petitioner challenges both of those judgments on appeal.

On review of an order in other than a contested case, the circuit court determines (a) whether the agency erroneously interpreted a provision of law and that a correct interpretation compels a particular action; and (b) whether the order is supported by substantial evidence in the record. ORS 183.484(5). On appeal, this court reviews the circuit court's judgment to determine whether it correctly assessed the agency's decisions under the standards of ORS

183.484(5). Thus, "in practical effect," we directly review the agency's order under the standards set out in ORS 183.484(5). *G.A.S.P. v. Environmental Quality Commission*, 198 Or App 182, 187, 108 P3d 95, *rev den*, 339 Or 230 (2005).

We begin with Case Number 1000209CC, which concerns four tax lots owned by petitioner. Petitioner had filed a Measure 37 claim as to each of the four lots. Those lots are configured as follows:

Petitioner filed two Measure 49 election forms in which, as noted, he sought authorization to develop a total of six building sites. Petitioner explained that one of the election forms concerned only "the lot designated as Tax Lot 200 as the subject parcel" and the other concerned only "Tax Lot 1400 as the subject parcel." Petitioner separately sought three home sites for tax lot 200 and three home sites for tax lot 1400. In a nutshell, petitioner attempted to obtain six home site approvals by identifying for supplemental review only the two lots furthest from each other, while disregarding the parcels located between those two that he also owned and for which he had sought Measure 37 relief. However, DLCD concluded that the four tax lots for which petitioner had sought Measure 37 relief—100, 200, 900 and 1400—were all "contiguous" and that "claimant is only eligible for up to three home site approvals on the entirety of the subject property."

On appeal, petitioner asserts that he was entitled to identify specific parcels for Measure 49 review and that DLCD was required to treat as the "property" only parcels directly sharing a common border with each parcel that he had selected. As explained below, that assertion suffers from two faulty premises. First, petitioner mistakenly

assumes that he was entitled to exclude part of the property for which he sought Measure 37 relief, namely tax lots 900 and 100, from his election of supplemental review under Measure 49. Second, petitioner espouses an unduly narrow view of the meaning of "contiguous."

"Property" is defined in Measure 49 as "the private real property described in a claim and contiguous private real property that is owned by the same owner whether or not the contiguous property is described in another claim[.]" ORS 195.300(20). "Claim," in turn, means "a written demand for compensation filed under [Measure 37]." ORS 195.300(2). Thus, "property described in a claim" means property described in the owner's Measure 37 claim. Further, the definition of "property" requires that contiguous property must be considered to determine the number of home site authorizations that a claimant may receive, "whether or not" the property was the subject of a Measure 37 claim. Thus, the definition of property under Measure 49 expands, not contracts, the property at issue on supplemental review beyond the property described in a Measure 37 claim. Petitioner's contrary position that he can selectively exclude property from consideration on supplemental review cannot be squared with the text of the statute.

Next, petitioner proposes an interpretation of "contiguous" under which two parcels are not considered to be part of the same "property" unless they share a common border. Petitioner relies on a portion of the dictionary definition of "contiguous" that refers to "touching along boundaries * * *." *Webster's Third New Int'l Dictionary* 492 (unabridged ed 2002). He asserts that DLCD "attempts to invent a new principle of logic by arguing essentially that if 200 is contiguous to 100 and 100 is contiguous to 900; and 900 is contiguous to 1400; then 200 is contiguous to 1400." We disagree. The ordinary meaning of "contiguous" also includes: "NEARBY, CLOSE" and "CONTINUOUS, UNBROKEN, UNINTERRUPTED : touching or connected throughout <the houses ... ~ contiguous all along from end to end of the town—Nathaniel Hawthorne>[.]" *Id*. The illustration of the houses is analogous to the array of the lots in the subject claim: the first house need not border the

last house in the line in order for the line of houses to be contiguous from end to end of the town. Similarly, here, lot 200 need not border lot 1400 for those lots to form part of a contiguous whole. Because lots 200, 900, 100, and 1400 together form a contiguous whole, DLCD correctly concluded that they compose the "property" for purposes of Measure 49 review in Case Number 1000209CC.[1]

Case Number 1000245CC concerns supplemental review under Measure 49 of Measure 37 claims with respect to three tax lots. Petitioner filed two Measure 49 election forms, explaining that he was submitting "one with the lot designated as 1N 11E Section 25 Tax Lot 700 as the subject parcel and the other with the lots designated as 1N 11E Section 36 Tax Lots 200 and 300 as the subject parcels." Petitioner requested authorization for three dwellings on lot 700 and three dwellings on lots 200 and 300 together, stating that "the two lots 200 and 300 are not contiguous to Lot 700, because they touch at a point." However, on review, DLCD determined from county tax records that petitioner also owned three additional lots for which he had not made Measure 37 claims—lots 100, 600, and 700, in section 36—that DLCD concluded were contiguous to the claim property. Thus, the entire array of property that DLCD considered is shown as follows:

01N11E25

01N11E36

---

[1] We note in passing that, in *Costco Wholesale Corp. v. City of Beaverton*, 343 Or 18, 161 P3d 926 (2007), the court addressed the issue of contiguity in the context of so-called "island annexation" involving territory surrounded by the corporate boundaries of a city. In that case, the court construed ORS 222.750, which, we explained, provides that "the territory to be annexed must be completely enclosed by and contiguous with the corporate boundaries of the annexing city or the corporate boundaries of the annexing city and a body of water." *Costco Wholesale Corp. v. City of Beaverton*, 206 Or App 380, 398, 136 P3d 1219 (2006), *aff'd*, 343 Or 18, 161 P3d (2007). Because of contextual differences, the statutory construction analysis in that case provides little guidance to our resolution of the issue at hand in these cases.

As in the companion case, petitioner attempted to identify for supplemental review under Measure 49 lots that he asserted were not "contiguous" in an effort to maximize his relief. DLCD, however, determined that the contiguous property in the same ownership together included six lots. Applying the regulations in place when petitioner acquired the property, DLCD determined that, at that time, dwellings were permitted on 40-acre lots. All six of petitioner's parcels constituted 118 acres and thus would have supported two dwellings. Accordingly, DLCD concluded that petitioner was authorized to establish no additional lots or parcels and up to two dwellings on the Measure 37 claim property.

Petitioner contends that DLCD should not have considered the three parcels identified in his Measure 49 submission as "contiguous" because lot 200, section 36 and lot 700, section 25, only touch at a corner. Petitioner urges that a contrary interpretation of "property" would have an anomalous effect because he would be unable to travel from one part of his property to the other without encroaching on another owner's property. Therefore, according to petitioner, DLCD should have considered lots 200 and 300, section 36, separately from lot 700, section 25. The result of petitioner's theory would be one home site authorization for lots 200 and 300 and, to reach a total of three, two home sites for lot 700, section 25.

The merit of petitioner's argument is questionable. *See Kane v. Paulus,* 41 Or App 455, 459, 599 P2d 1154, *rev den,* 288 Or 113 (1979) ("Contiguity requires only that two parcels share a common boundary at some point. It does not require any particular shape."). Regardless of the merit of that argument, however, DLCD did not, in fact, conclude that lot 200, section 36, and lot 700, section 25, were contiguous because they touch at a corner. Rather, as discussed, DLCD considered all of the contiguous property that petitioner owned, including lots 100, 600, and 700, in section 36. DLCD then applied the same definition of "contiguous" that it used in the companion case. As in the companion case, petitioner would require DLCD to allow him to selectively identify parcels for Measure 49 review in order to maximize his relief. But separate review

of petitioner's non-claim lots from the three additional contiguous lots in common ownership would be inconsistent with the text and context of Measure 49. Accordingly, DLCD correctly considered as the relevant "property" all six of the contiguous parcels that petitioner owned.[2]

Affirmed.

---

[2] In this case, authorization for two home sites on lot 700, section 25, further depends on petitioner's argument in a separate assignment of error that, when he acquired the property, he was lawfully permitted to divide lot 700 into two lots, one on either side of a county road, based on the local law in effect on his date of acquisition. We reject that assignment of error without discussion.